JJD:EMR/MEF/PP
F. #2023R00737

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   OCT 17 2024   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

MICHAEL S. JEFFRIES,
MATTHEW C. SMITH and
JAMES T. JACOBSON,
      also known as "Jim Jake,"
      "Mrs. Cook" and "Todd,"

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. CR24 423
(T. 18, U.S.C., §§ 1591(a)(1), 1591(a)(2),
1591(b)(1), 1594(d), 2422(a), 2428(a), 2 and
3551 et seq.; T. 21, U.S.C., § 853(p))

CHOUDHURY, J.
TISCIONE, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION

    At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendants and Relevant Entities

    1.    From approximately 1992 to 2014, the defendant MICHAEL S.

JEFFRIES was the Chief Executive Officer ("CEO") of Abercrombie & Fitch Co.

("Abercrombie"), a fashion clothing retailer that owned and operated retail stores around the

world.  The Jeffries Family Office (the "JFO") was established to manage JEFFRIES' personal

income and assets, which included properties in Watermill, New York and New York, New York

(the "New York Properties"), among others.

    2.    The defendant MATTHEW C. SMITH was the defendant MICHAEL S.

JEFFRIES' romantic partner, as well as an employee of the JFO.  In addition to managing

assets, the JFO employed personnel who facilitated JEFFRIES and SMITH's personal and social

2

lives by, among other things, arranging their travel and managing their properties and financial affairs.

3.    The defendant JAMES T. JACOBSON, also known as "Jim Jake," "Mrs. Cook" and "Todd," was employed by the defendants MICHAEL S. JEFFRIES and MATTHEW C. SMITH to recruit, interview and hire men to perform commercial sex acts for JEFFRIES and SMITH, including at the New York Properties.

II.    The Sex Trafficking and Prostitution Business

4.    From approximately 2008 to 2015, the defendants MICHAEL S. JEFFRIES, MATTHEW C. SMITH and JAMES T. JACOBSON, together with others, operated an international sex trafficking and prostitution business.   During this period, JEFFRIES and SMITH relied on their vast financial resources, JEFFRIES' power as the CEO of Abercrombie, and numerous people, including JACOBSON and a network of employees, contractors and security professionals, to run a business that was dedicated to fulfilling their sexual desires and ensuring that their international sex trafficking and prostitution business was kept secret, thereby maintaining JEFFRIES' powerful reputation.

5.    As part of this international sex trafficking and prostitution business, the defendants MICHAEL S. JEFFRIES and MATTHEW C. SMITH paid for dozens of men, including, among others, John Does #1 through #15, individuals whose identities are known to the Grand Jury, to travel within the United States and internationally to meet JEFFRIES and SMITH in various locations, including at the New York Properties, as well as in hotels in such places as England, France, Italy, Morrocco and Saint Barthélémy, for the purpose of engaging in

commercial sex acts with JEFFRIES, SMITH and others (the "Sex Events").   Some of the men

traveled to and were paid to attend multiple Sex Events.

      6.     The defendants MICHAEL S. JEFFRIES and MATTHEW C. SMITH,

through the JFO, recruited, hired and paid an exclusive set of household staff (the "Staff") to

facilitate and supervise the Sex Events.   Among other things, the Staff transported men to and

from the Sex Events, arranged physical spaces for the Sex Events and supervised the men who

attended, including, among other things, facilitating the conduct described below in Paragraphs 9

to 11.

      7.     At the direction of the defendants MICHAEL S. JEFFRIES and

MATTHEW C. SMITH, the Staff were present at, observed and acted as security for, including

by controlling entry and exit, the Sex Events.   The Staff also provided JEFFRIES, SMITH and

the men who attended with alcohol, muscle relaxants known as "poppers," lubricant, Viagra and

condoms, among other items.   As directed by JEFFRIES and SMITH, the Staff also directed

men to, among other things, wear costumes, use sex toys or prepare for particular sexual acts.

Either the defendant JAMES T. JACOBSON or the Staff paid the men for attending the Sex

Events.

      8.     The defendant JAMES T. JACOBSON traveled throughout the United

States and internationally to recruit and interview men for the Sex Events.   During "tryouts" of

potential candidates, JACOBSON typically required that the candidates first engage in

commercial sex acts with him.   Following the tryout by JACOBSON, the defendant

MATTHEW C. SMITH approved candidates prior to their selection for and transportation to a

4

Sex Event. At the direction of SMITH, JACOBSON paid fees to individuals who successfully referred men who were subsequently selected.

9. The defendants MICHAEL S. JEFFRIES, MATTHEW C. SMITH and JAMES T. JACOBSON, and others acting at their direction, employed coercive, fraudulent and deceptive tactics in connection with the recruitment, hiring, transportation, obtaining, maintaining, solicitation and payment of the men to engage in commercial sex. For example, JEFFRIES, SMITH, JACOBSON and others acting at their direction:

(a) employed a referral system and interview process that failed to inform men of the details of the Sex Events before they attended, including the full extent and nature of the sexual activity that would be required of the men at the Sex Events, including, among other things, anal intercourse; the insertion of large sex toys into the anus; and high-pressured enemas administered by inserting a hose into the anus;

(b) required that prospective candidates first participate in a sexual encounter or tryout, with JACOBSON, at times without advance notice;

(c) caused men to believe that attending the Sex Events could yield modeling opportunities with Abercrombie or otherwise benefit their careers, or, in the alternative, that not complying with requests for certain acts during the Sex Events could harm their careers, including by, among other things, referring directly and indirectly to modeling opportunities that did not exist; incorporating Abercrombie products in the Sex Events; and providing men with itineraries for the Sex Events that did not refer to commercial sex, and instead resembled those often sent to models for photo shoots, thereby obscuring the nature of the Sex Events from the men selected to attend;

(d)     physically groomed men prior to the Sex Events, including at times shaving men's genitals without advance notice;

(e)     required men to relinquish their personal items, including clothing, wallets and cellular phones, and store them in an inaccessible location during the Sex Events;

(f)     required men to sign non-disclosure agreements, which, among other things, prohibited the disclosure of information about the Sex Events, including to their own family and friends, and required the payment of damages in the event of a breach;

(g)     intentionally recruited heterosexual men, certain of whom were unwilling to engage in particular sex acts, including anal sex, and insisted that men who previously stated they were unwilling to engage in particular sex acts, including anal sex, nonetheless engage in such acts during the Sex Events;

(h)     pressured men to consume alcohol, Viagra and muscle relaxants known as "poppers," during the Sex Events; and

(i)     required the presence of the Staff during the sexual activity, and ensured that men attending did not leave the Sex Events until JEFFRIES and SMITH decided they were over.

10.     On more than one occasion, the defendants MICHAEL S. JEFFRIES and MATTHEW C. SMITH either directed others to or personally injected men in their penises with a prescription-grade erection-inducing substance for the purpose of causing the men to engage in sex acts in which they were otherwise physically incapable or unwilling. Notwithstanding the fact that these injections were not medically indicated and frequently caused the men to suffer painful physical reactions that lasted for several hours, JEFFRIES and SMITH employed their use to fulfill their own sexual desires by causing men to submit to them.

11.     On more than one occasion, the defendants MICHAEL S. JEFFRIES and

MATTHEW C. SMITH engaged in sex acts, continued to engage in sex acts, or caused men to

engage in sex acts, including but not limited to anal penetration and the use of high-pressured

enemas, to which the men did not or were unable to consent.

## COUNT ONE
(Sex Trafficking)

12.     The allegations contained in paragraphs one through 11 are realleged and

incorporated as if fully set forth in this paragraph.

13.     In or about and between December 2008 and March 2015, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants MICHAEL S. JEFFRIES, MATTHEW C. SMITH and JAMES T. JACOBSON, also

known as "Jim Jake," "Mrs. Cook" and "Todd," together with others, did knowingly and

intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means one or

more persons, in and affecting interstate commerce, and did benefit, financially and by receiving

anything of value, from participation in a venture which engaged in such acts, knowing and in

reckless disregard of the fact that means of force, threats of force, fraud and coercion, as

described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means,

would be used to cause such persons to engage in one or more commercial sex acts, which

7

offense was effected by means of force, threats of force, fraud and coercion, and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

COUNTS TWO THROUGH SIXTEEN<br>(Interstate Prostitution)

14.    The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

15.    In or about and between December 2008 and March 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL S. JEFFRIES, MATTHEW C. SMITH and JAMES T. JACOBSON, also known as "Jim Jake," "Mrs. Cook" and "Todd," together with others, did knowingly and intentionally persuade, induce, entice and coerce individuals to travel in interstate and foreign commerce to engage in prostitution, as described below.

| COUNT | INDIVIDUAL | APPROXIMATE DATE(S) |
|-------|-----------|---------------------|
| TWO | John Doe #1 | December 2008 to February 2010 |
| THREE | John Doe #2 | December 2008 to June 2012 |
| FOUR | John Doe #3 | August 2009 to December 2012 |
| FIVE | John Doe #4 | January 2009 to February 2009 |
| SIX | John Doe #5 | March 2010 to April 2011 |
| SEVEN | John Doe #6 | October 2010 to February 2012 |
| EIGHT | John Doe #7 | December 2010 to June 2011 |
| NINE | John Doe #8 | May 2011 |

8

| COUNT | INDIVIDUAL | APPROXIMATE DATE(S) |
|---|---|---|
| TEN | John Doe #9 | July 2011 to April 2012 |
| ELEVEN | John Doe #10 | August 2011 to February 2013 |
| TWELVE | John Doe #11 | March 2012 to June 2012 |
| THIRTEEN | John Doe #12 | March 2012 to October 2012 |
| FOURTEEN | John Doe #13 | May 2012 to March 2015 |
| FIFTEEN | John Doe #14 | September 2012 to November 2012 |
| SIXTEEN | John Doe #15 | October 2012 |

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

16.    The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), of: (a) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offense, and any property traceable to such property; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, or any property traceable to such property.

17.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

　　　　(a)    cannot be located upon the exercise of due diligence;

　　　　(b)    has been transferred or sold to, or deposited with, a third party;

　　　　(c)    has been placed beyond the jurisdiction of the court;

9

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code,

Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO THROUGH SIXTEEN

18.     The United States hereby gives notice to the defendants that, upon their

conviction of any of the offenses charged in Counts Two through Sixteen, the government will

seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires

the forfeiture of: (a) any property, real or personal, that was used or intended to be used to

commit or to facilitate the commission of such offenses; and (b) any property, real or personal,

constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

19.     If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty;

10

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Section 2428(a); Title 21, United States Code,

Section 853(p))

A TRUE BILL

FOREPERSON

By Carolyn Pokorny, Assistant U.S. Attorney

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK