BNDBER,CLOSED

# U.S. District Court
## Southern District of Florida (West Palm Beach)
## CRIMINAL DOCKET FOR CASE #: <u>9:24–mj–08554–BER</u>–1

Case title: USA v. Jeffries et al

Date Filed: 10/22/2024

Other court case number:  24cr423 Eastern District of New York – Long Island

Date Terminated: 10/22/2024

---

Assigned to: Magistrate Judge
Bruce E. Reinhart

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Michael S. Jeffries**<br>42482–511<br>*ENGLISH; YOB:1944*<br>*TERMINATED: 10/22/2024* | represented by | **Alek Daniel Ubieta**<br>GrayRobinson, P.A.<br>333 S.E. 2nd Avenue<br>Suite 3200<br>Miami, FL 33131<br>305–416–6880<br>Email: <u>alek.ubieta@gray–robinson.com</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Temporary*<br><br>**Brian H. Bieber**<br>Gray–Robinson<br>3200<br>333 S.E. 2 Avenue<br>Miami, FL 33131<br>305–416–6880<br>Fax: 305–446–1766<br>Email: <u>brian.bieber@gray–robinson.com</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Temporary* |

**<u>Pending Counts</u>**

None

**<u>Disposition</u>**

**<u>Highest Offense Level<br>(Opening)</u>**

None

**<u>Terminated Counts</u>**

None

**<u>Disposition</u>**

1

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| Removal to the Eastern District of New York | |

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Gregory Schiller**<br>U.S. Attorney's Office<br>500 S. Australian Ave.<br>Suite 400<br>West Palm Beach, FL 33401<br>954–789–6285<br>Email: gregory.schiller@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/24/2024 | 14 | $10 million PSB secured and w/cosigners Entered as to Michael S. Jeffries Approved by Magistrate Judge Bruce E. Reinhart. *Please see bond image for conditions of release.* (tmn) (Additional attachment(s) added on 10/24/2024: # 1 Restricted Bond with 7th Page) (tmn). (Entered: 10/24/2024) |
| 10/22/2024 | 15 | ORDER OF REMOVAL ISSUED to the Eastern District of New York as to Michael S. Jeffries Closing Case for Defendant. Signed by Magistrate Judge Bruce E. Reinhart on 10/22/2024. *See attached document for full details.* (tmn) (Entered: 10/24/2024) |
| 10/22/2024 | 8 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Michael S. Jeffries (tmn) (Entered: 10/23/2024) |
| 10/22/2024 | 7 | PAPERLESS Minute Order for proceedings held before Magistrate Judge Bruce E. Reinhart: Date of Arrest or Surrender: 10/22/2024. Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Michael S. Jeffries held on 10/22/2024. Defendant was present with counsel. Defendant was sworn. Defense counsel filed a temporary appearance. Defendant was advised of the charges, rights and possible maximum penalties. The Court set bond. Bond recommendation/set: Michael S. Jeffries (1) $10 million PSB secured and cosigned by Susan and Andrew Jeffries. The Court gave Susan and Andrew Jeffries until COB 10/25 to sign the bond paperwork. The defendant waived identity/removal hearing. All further proceedings to be held in the Eastern District of New York. The Court ordered the defendant removed. Total time in court: 20 minutes. Attorney Appearance(s): (AUSA) Gregory Schiller, (TEMP) Alek Daniel Ubieta, (TEMP) Brian H. Bieber (Digital 14:12:35) Signed by Magistrate Judge Bruce E. Reinhart on 10/22/2024. (tmn) (Entered: 10/23/2024) |
| 10/22/2024 | 4 | |

| | | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Brian H. Bieber appearing for Michael S. Jeffries (tmn) (Entered: 10/23/2024) |
|---|---|---|
| 10/22/2024 | 3 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Alek Daniel Ubieta appearing for Michael S. Jeffries (tmn) (Entered: 10/23/2024) |
| 10/22/2024 | 2 | NOTICE OF HEARING as to Michael S. Jeffries, Matthew C. Smith Initial Appearance – Rule 5(c)(3)/40 set for 10/22/2024 02:00 PM in West Palm Beach Division before WPB Duty Magistrate Judge. (tmn) (Entered: 10/22/2024) |
| 10/22/2024 | 1 | Magistrate Judge Removal of Indictment from the Eastern District of New York Case number in the other District 24cr423 as to Michael S. Jeffries (1), Matthew C. Smith (2). (tmn) (Entered: 10/22/2024) |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 24-mj-8554-BER

United States of America
      Plaintiff,

v.

MICHAEL S. JEFFRIES,
      Defendant.

_____/

## ORDER OF REMOVAL

It appearing that in the **EASTERN DISTRICT OF NEW YORK**, an Indictment was filed against the above-named defendant on a charge of 18:1591(a)(l), 1591(a)(2), 1591 (b)(1), 1594(d), 2422(a), 2428(a), 2 and 3551 et seg.; T. 21:853(p), and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Bruce E. Reinhart at West Palm Beach, Florida, which officially committed the defendant for removal to the **EASTERN DISTRICT OF NEW YORK**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Bruce E. Reinhart for removal and posted bail in the amount of which was approved by the United States Magistrate Judge Bruce E. Reinhart, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at West Palm Beach, Florida on 10/22/2024.

Bruce E. Reinhart
United States Magistrate Judge

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____

CASE NO.: __24-mj-8554-BER_

FILED BY_____TM_____D.C.

Oct 24, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

UNITED STATES OF AMERICA:

        Plaintiff,

v.

                                USM # :42482-511_____

MICHAEL S. JEFFRIES,

        Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 10 million PSB secured by property in New York and
  cosigned by Susan Jeffries and Andrew Jeffries_____

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

    1.  Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

    2.  May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

    3.  May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

    4.  Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

    5.  Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: Michael S. Jeffries
CASE NUMBER: 24-mj-8554-BER
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

  ✕ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

  ✕ b. Report to Pretrial Services as follows: (✕) as directed or___ time(s) a week in person and___ time(s) a week by telephone;

  __ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

  __ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

  __ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

  __ f. Employment restriction(s): _____

  __ g. Maintain or actively seek full-time employment/education/volunteerism;

  __ h. Maintain or begin an educational program;

  ✕ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

  __ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

  ✕ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

  ✕ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., the real property, until the bond is discharged, or otherwise modified by the Court;

  __ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

  __ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: Michael S. Jeffries
CASE NUMBER: 24-mj-8554-BER
PAGE THREE

$\times$ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ($\times$) ability to pay as determined by the U.S. Probation Officer – or – (   ) paid by U.S. Probation;

   $\times$ Location monitoring technology at the discretion of the officer

   __ Radio Frequency (RF) monitoring (Electronic Monitoring)

   __ Active GPS Monitoring

   __ Voice Recognition

   __ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

   $\times$ Home Detention: You are restricted to your residence at all times except for:

     ($\checkmark$) medical

     (   ) substance abuse or mental health treatment

     ($\checkmark$) court appearances

     ($\checkmark$) attorney visits or court ordered obligations

     ($\checkmark$) religious services

     (   ) employment

     ($\checkmark$) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by (  )Pretrial Services or  (   ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

   (   ) employment

   (   ) education

   (   ) religious services

   (   ) medical, substance abuse, or mental health treatment

   (   ) attorney visits

   (   ) court appearances

   (   ) court ordered obligations

   (   ) reporting to Pretrial Services

   (   ) other _____

__ q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer.  Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

   r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18
—   U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.  Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: Michael S. Jeffries
CASE NUMBER: 24-mj-8554-BER
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. <u>Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense</u>:

1. (   ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. (   ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. (   ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. (   ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. (   ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. (   ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. (   ) The defendant shall not be involved in any children's or youth organizations.
8. (   ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. (   ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

☒ u. May travel to and from: <u>    SDFL & EDNY (all points in between to get to point A to point B)    </u>, and must notify Pretrial Services of travel plans before leaving and upon return.

☒ v. Comply with the following additional conditions of bond:
<u>May not use medical marijuana. Must reside at address given out in open Court. May have contact with co-defendants but cannot discuss the case. Susan and Andrew Jeffries have until COB Friday 10/25 unless modified by the judge in New York.</u>

8

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 22nd day of OCTOBER 2024 at West Palm Beach, Florida

Signed and acknowledged before me:           **DEFENDANT: (Signature)**

WITNESS: _____

_____  _____
City          State

### CORPORATE SURETY

Signed this _____ day of _____, 20____ at _____, Florida

SURETY: _____     AGENT: (Signature) _____

_____  _____          PRINT NAME: _____
City          State

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 20___ at _____, Florida   Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____     SURETY: (Signature) _____

PRINT NAME: _____     PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____     RELATIONSHIP TO DEFENDANT: _____

_____  _____          _____  _____
City          State                City          State

Signed this ___ day of _____, 20___ at _____, Florida   Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____     SURETY: (Signature) _____

PRINT NAME: _____     PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____     RELATIONSHIP TO DEFENDANT: _____

_____  _____          _____
City          State                City

### APPROVAL BY THE COURT

Date: 10/24/2024

**BRUCE E. REINHART**
**UNITED STATES MAGISTRATE JUDGE**

DEFENDANT: Michael S. Jeffries
CASE NUMBER: 24-mj-8554-BER
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

## DEFENDANT

## CORPORATE SURETY

| Signed this _____ day of _____, 20 ____ at _____, Florida |
|---|

SURETY: _____    AGENT: (Signature) _____

PRINT NAME: _____

_____    _____
City                         State

## INDIVIDUAL SURETIES

Signed this _23_ day of _____, 2024 at _10:40_ at Florida

SURETY: (Signature) _____

PRINT NAME: _Susoy Jeffries_

RELATIONSHIP TO DEFENDANT: _Wife_

_West Palm Beach Fla._

_____    _____
City                     State

Signed this ____ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____    _____
City                     State

Signed this ____ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____    _____
City                     State

Signed this ____ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____    _____
City                     State

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

## DEFENDANT

Signed this 22nd day of OCTOBER        2024     at _West Palm Beach__, Florida

Signed and acknowledged before me:        DEFENDANT: (Signature) _____

WITNESS: _____

_____
City            State                    City            State

## CORPORATE SURETY

Signed this _____ day of _____, 20 ___ at _____, Florida

SURETY: _____        AGENT: (Signature) _____

                                PRINT NAME: _____
_____
City            State

## INDIVIDUAL SURETIES

Signed this _23_ day of _October_, 20 _24_ at _____, Florida    Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _A. V_____    SURETY: (Signature) _____

PRINT NAME: _Andrew Jeffries_    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _Son_    RELATIONSHIP TO DEFENDANT: _____

_New York_            _NY_            _____
City            State                    City            State

Signed this ___ day of _____, 20 ___ at _____, Florida    Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____

_____
City            State                    City            State

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No: 24-mj-8554-BER

United States of America
    Plaintiff,
    v.

                      Charging District's Case No.   24CR423

MICHAEL S. JEFFRIES,
    Defendant.

_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the **(Eastern District of New York)**.

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)    a hearing on any motion by the government for detention;

(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

    ☑ An identity hearing and production of the warrant.

    ☐ A preliminary hearing.

    ☐ A detention hearing in the Southern District of Florida.

    ☐ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 10/22/2024

Defendant's Signature

Bruce E. Reinhart
UNITED STATES MAGISTRATE JUDGE

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: David Raben (aida@crimlawfirm.com, daveraben@crimlawfirm.com,
lidiaperea@crimlawfirm.com, maitedepara@crimlawfirm.com), Alek Daniel Ubieta
(alek.ubieta@gray-robinson.com), Brian H. Bieber (adela.sijercic@gray-robinson.com,
alek.ubieta@gray-robinson.com, brian.bieber@gray-robinson.com,
paulette.gonzalez@gray-robinson.com), Gregory Schiller (briana.duque@usdoj.gov,
caseview.ecf@usdoj.gov, gregory.schiller@usdoj.gov, usafls-brdkt@usdoj.gov,
usafls-hqdkt@usdoj.gov), Joseph Nascimento (aida@crimlawfirm.com,
ehernandez@crimlawfirm.com, joenascimento@crimlawfirm.com), Magistrate Judge Bruce E.
Reinhart (ber-nef@flsd.uscourts.gov)
--Non Case Participants: Federal Public Defender (fls_ecf@fd.org)
--No Notice Sent:

Message-Id:24882604@flsd.uscourts.gov
Subject:Activity in Case 9:24-mj-08554-BER USA v. Jeffries et al Initial Appearance - Rule
5(c)(3)/Rule 40
Content-Type: text/html
```

## U.S. District Court

## Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 10/23/2024 at 12:08 PM EDT and filed on 10/22/2024

**Case Name:** USA v. Jeffries et al

**Case Number:** 9:24–mj–08554–BER

**Filer:**

**Document Number:** 7(No document attached)

**Docket Text:**
**PAPERLESS Minute Order for proceedings held before Magistrate Judge Bruce E. Reinhart: Date of Arrest or Surrender: 10/22/2024. Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Michael S. Jeffries held on 10/22/2024. Defendant was present with counsel. Defendant was sworn. Defense counsel filed a temporary appearance. Defendant was advised of the charges, rights and possible maximum penalties. The Court set bond. Bond recommendation/set: Michael S. Jeffries (1) $10 million PSB secured and cosigned by Susan and Andrew Jeffries. The Court gave Susan and Andrew Jeffries until COB 10/25 to sign the bond paperwork. The defendant waived identity/removal hearing. All further proceedings to be held in the Eastern District of New York. The Court ordered the defendant removed. Total time in court: 20 minutes. Attorney Appearance(s): (AUSA) Gregory Schiller, (TEMP) Alek Daniel Ubieta, (TEMP) Brian H. Bieber (Digital 14:12:35) Signed by Magistrate Judge Bruce E. Reinhart on 10/22/2024. (tmn)**

**9:24–mj–08554–BER–1 Notice has been electronically mailed to:**

Alek Daniel Ubieta &nbsp &nbsp alek.ubieta@gray–robinson.com

Brian H. Bieber &nbsp &nbsp brian.bieber@gray–robinson.com, Adela.Sijercic@gray–robinson.com, Alek.Ubieta@gray–robinson.com, paulette.gonzalez@gray–robinson.com

David Raben &nbsp &nbsp daveraben@crimlawfirm.com, aida@crimlawfirm.com, lidiaperea@crimlawfirm.com, maitedepara@crimlawfirm.com

Gregory Schiller &nbsp &nbsp gregory.schiller@usdoj.gov, Briana.Duque@usdoj.gov, CaseView.ECF@usdoj.gov, usafls–brdkt@usdoj.gov, usafls–hqdkt@usdoj.gov

Joseph Nascimento &nbsp &nbsp joenascimento@crimlawfirm.com, aida@crimlawfirm.com, ehernandez@crimlawfirm.com

**9:24-mj–08554–BER–1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24 - mj - 8554 - BER

UNITED STATES OF AMERICA,
      Plaintiff,

                                        **NOTICE OF TEMPORARY**
v.                                **APPEARANCE AS COUNSEL**

         Defendant.
___ Michael S. Jeffries /

COMES NOW _____ Brian H. Bieber _____ and

files this temporary appearance as counsel for the above named defendant(s) at initial appearance.

This appearance is made with the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing documents** necessary to

collateralize any personal surety bond which may be set.

Counsel's Name (**Printed**): _____ Brian H. Bieber _____

Counsel's Signature: _____

Address (include City/State/Zip Code):

    Gray Robinson, P.A. ; 333 S.E. 2nd Ave, Suite 3200
                           Miami, FL 33131

Telephone: _305 - 416 - 6880_      Florida Bar Number: __8140__

Date: __10/22/24__

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24 - mj - 8554 - BER

UNITED STATES OF AMERICA,
      Plaintiff,

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

v.

Defendant.
Michael S. Jeffries /

COMES NOW _____ Alek Ubiera _____ and

files this temporary appearance as counsel for the above named defendant(s) at initial appearance.

This appearance is made with the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing documents** necessary to

collateralize any personal surety bond which may be set.

Counsel's Name (**Printed**): _____ Alek Ubiera _____

Counsel's Signature: _____

Address (include City/State/Zip Code):
Gray Robinson, P.A. ; 333 S.E. 2nd Ave, Suite 3200
Miami, FL 33131

Telephone: 305 - 416 - 6880     Florida Bar Number: 1039546

Date: 10/22/24

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Gregory Schiller (briana.duque@usdoj.gov, caseview.ecf@usdoj.gov,
gregory.schiller@usdoj.gov, usafls-brdkt@usdoj.gov, usafls-hqdkt@usdoj.gov), Magistrate
Judge Bruce E. Reinhart (ber-nef@flsd.uscourts.gov)
--Non Case Participants: United States Pretrial, Probation and PSIunit Office (Court Desk)
(flsp_cd@flsp.uscourts.gov)
--No Notice Sent:

Message-Id:24877576@flsd.uscourts.gov
Subject:Activity in Case 9:24-mj-08554-BER USA v. Jeffries et al Notice of Hearing
Content-Type: text/html
```

### U.S. District Court

### Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 10/22/2024 at 10:21 AM EDT and filed on 10/22/2024

**Case Name:**      USA v. Jeffries et al

**Case Number:**      <u>9:24–mj–08554–BER</u>

**Filer:**

**Document Number:**  2(No document attached)

**Docket Text:**
**NOTICE OF HEARING as to Michael S. Jeffries, Matthew C. Smith Initial Appearance – Rule 5(c)(3)/40 set for 10/22/2024 02:00 PM in West Palm Beach Division before WPB Duty Magistrate Judge. (tmn)**

**9:24–mj–08554–BER–1 Notice has been electronically mailed to:**

Gregory Schiller &nbsp &nbsp gregory.schiller@usdoj.gov, Briana.Duque@usdoj.gov, CaseView.ECF@usdoj.gov, usafls–brdkt@usdoj.gov, usafls–hqdkt@usdoj.gov

**9:24–mj–08554–BER–1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

**9:24–mj–08554–BER–2 Notice has been electronically mailed to:**

Gregory Schiller &nbsp &nbsp gregory.schiller@usdoj.gov, Briana.Duque@usdoj.gov, CaseView.ECF@usdoj.gov, usafls–brdkt@usdoj.gov, usafls–hqdkt@usdoj.gov

**9:24–mj–08554–BER–2 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

FILED BY _____ **TM** _____ D.C.

**Oct 22, 2024**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   OCT 17 2024   ★

LONG ISLAND OFFICE

JJD:EMR/MEF/PP
F. #2023R00737

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SDFL CASE NO. 24-mj-8554-BER

UNITED STATES OF AMERICA

    - against -

MICHAEL S. JEFFRIES,
MATTHEW C. SMITH and
JAMES T. JACOBSON,
    also known as "Jim Jake,"
    "Mrs. Cook" and "Todd,"

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. N **CR24    423**

(T. 18, U.S.C., §§ 1591(a)(1), 1591(a)(2),
1591(b)(1), 1594(d), 2422(a), 2428(a), 2 and
3551 et seq.; T. 21, U.S.C., § 853(p))

**CHOUDHURY, J.**

**TISCIONE, M.J.**

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendants and Relevant Entities

    1.    From approximately 1992 to 2014, the defendant MICHAEL S.

JEFFRIES was the Chief Executive Officer ("CEO") of Abercrombie & Fitch Co.

("Abercrombie"), a fashion clothing retailer that owned and operated retail stores around the

world.  The Jeffries Family Office (the "JFO") was established to manage JEFFRIES' personal

income and assets, which included properties in Watermill, New York and New York, New York

(the "New York Properties"), among others.

    2.    The defendant MATTHEW C. SMITH was the defendant MICHAEL S.

JEFFRIES' romantic partner, as well as an employee of the JFO.  In addition to managing

assets, the JFO employed personnel who facilitated JEFFRIES and SMITH's personal and social

2

lives by, among other things, arranging their travel and managing their properties and financial affairs.

        3.      The defendant JAMES T. JACOBSON, also known as "Jim Jake," "Mrs. Cook" and "Todd," was employed by the defendants MICHAEL S. JEFFRIES and MATTHEW C. SMITH to recruit, interview and hire men to perform commercial sex acts for JEFFRIES and SMITH, including at the New York Properties.

II.      <u>The Sex Trafficking and Prostitution Business</u>

        4.      From approximately 2008 to 2015, the defendants MICHAEL S. JEFFRIES, MATTHEW C. SMITH and JAMES T. JACOBSON, together with others, operated an international sex trafficking and prostitution business. During this period, JEFFRIES and SMITH relied on their vast financial resources, JEFFRIES' power as the CEO of Abercrombie, and numerous people, including JACOBSON and a network of employees, contractors and security professionals, to run a business that was dedicated to fulfilling their sexual desires and ensuring that their international sex trafficking and prostitution business was kept secret, thereby maintaining JEFFRIES' powerful reputation.

        5.      As part of this international sex trafficking and prostitution business, the defendants MICHAEL S. JEFFRIES and MATTHEW C. SMITH paid for dozens of men, including, among others, John Does #1 through #15, individuals whose identities are known to the Grand Jury, to travel within the United States and internationally to meet JEFFRIES and SMITH in various locations, including at the New York Properties, as well as in hotels in such places as England, France, Italy, Morrocco and Saint Barthélémy, for the purpose of engaging in

3

commercial sex acts with JEFFRIES, SMITH and others (the "Sex Events"). Some of the men traveled to and were paid to attend multiple Sex Events.

6.      The defendants MICHAEL S. JEFFRIES and MATTHEW C. SMITH, through the JFO, recruited, hired and paid an exclusive set of household staff (the "Staff") to facilitate and supervise the Sex Events. Among other things, the Staff transported men to and from the Sex Events, arranged physical spaces for the Sex Events and supervised the men who attended, including, among other things, facilitating the conduct described below in Paragraphs 9 to 11.

7.      At the direction of the defendants MICHAEL S. JEFFRIES and MATTHEW C. SMITH, the Staff were present at, observed and acted as security for, including by controlling entry and exit, the Sex Events. The Staff also provided JEFFRIES, SMITH and the men who attended with alcohol, muscle relaxants known as "poppers," lubricant, Viagra and condoms, among other items. As directed by JEFFRIES and SMITH, the Staff also directed men to, among other things, wear costumes, use sex toys or prepare for particular sexual acts. Either the defendant JAMES T. JACOBSON or the Staff paid the men for attending the Sex Events.

8.      The defendant JAMES T. JACOBSON traveled throughout the United States and internationally to recruit and interview men for the Sex Events. During "tryouts" of potential candidates, JACOBSON typically required that the candidates first engage in commercial sex acts with him. Following the tryout by JACOBSON, the defendant MATTHEW C. SMITH approved candidates prior to their selection for and transportation to a

4

Sex Event.   At the direction of SMITH, JACOBSON paid fees to individuals who successfully referred men who were subsequently selected.

   9. The defendants MICHAEL S. JEFFRIES, MATTHEW C. SMITH and JAMES T. JACOBSON, and others acting at their direction, employed coercive, fraudulent and deceptive tactics in connection with the recruitment, hiring, transportation, obtaining, maintaining, solicitation and payment of the men to engage in commercial sex.   For example, JEFFRIES, SMITH, JACOBSON and others acting at their direction:

     (a) employed a referral system and interview process that failed to inform men of the details of the Sex Events before they attended, including the full extent and nature of the sexual activity that would be required of the men at the Sex Events, including, among other things, anal intercourse; the insertion of large sex toys into the anus; and high-pressured enemas administered by inserting a hose into the anus;

     (b) required that prospective candidates first participate in a sexual encounter or tryout, with JACOBSON, at times without advance notice;

     (c) caused men to believe that attending the Sex Events could yield modeling opportunities with Abercrombie or otherwise benefit their careers, or, in the alternative, that not complying with requests for certain acts during the Sex Events could harm their careers, including by, among other things, referring directly and indirectly to modeling opportunities that did not exist; incorporating Abercrombie products in the Sex Events; and providing men with itineraries for the Sex Events that did not refer to commercial sex, and instead resembled those often sent to models for photo shoots, thereby obscuring the nature of the Sex Events from the men selected to attend;

(d)     physically groomed men prior to the Sex Events, including at times shaving men's genitals without advance notice;

(e)     required men to relinquish their personal items, including clothing, wallets and cellular phones, and store them in an inaccessible location during the Sex Events;

(f)     required men to sign non-disclosure agreements, which, among other things, prohibited the disclosure of information about the Sex Events, including to their own family and friends, and required the payment of damages in the event of a breach;

(g)     intentionally recruited heterosexual men, certain of whom were unwilling to engage in particular sex acts, including anal sex, and insisted that men who previously stated they were unwilling to engage in particular sex acts, including anal sex, nonetheless engage in such acts during the Sex Events;

(h)     pressured men to consume alcohol, Viagra and muscle relaxants known as "poppers," during the Sex Events; and

(i)     required the presence of the Staff during the sexual activity, and ensured that men attending did not leave the Sex Events until JEFFRIES and SMITH decided they were over.

10.     On more than one occasion, the defendants MICHAEL S. JEFFRIES and MATTHEW C. SMITH either directed others to or personally injected men in their penises with a prescription-grade erection-inducing substance for the purpose of causing the men to engage in sex acts in which they were otherwise physically incapable or unwilling.   Notwithstanding the fact that these injections were not medically indicated and frequently caused the men to suffer painful physical reactions that lasted for several hours, JEFFRIES and SMITH employed their use to fulfill their own sexual desires by causing men to submit to them.

11.     On more than one occasion, the defendants MICHAEL S. JEFFRIES and MATTHEW C. SMITH engaged in sex acts, continued to engage in sex acts, or caused men to engage in sex acts, including but not limited to anal penetration and the use of high-pressured enemas, to which the men did not or were unable to consent.

### COUNT ONE
(Sex Trafficking)

12.     The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

13.     In or about and between December 2008 and March 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL S. JEFFRIES, MATTHEW C. SMITH and JAMES T. JACOBSON, also known as "Jim Jake," "Mrs. Cook" and "Todd," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means one or more persons, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause such persons to engage in one or more commercial sex acts, which

offense was effected by means of force, threats of force, fraud and coercion, and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

COUNTS TWO THROUGH SIXTEEN
(Interstate Prostitution)

14.     The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

15.     In or about and between December 2008 and March 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL S. JEFFRIES, MATTHEW C. SMITH and JAMES T. JACOBSON, also known as "Jim Jake," "Mrs. Cook" and "Todd," together with others, did knowingly and intentionally persuade, induce, entice and coerce individuals to travel in interstate and foreign commerce to engage in prostitution, as described below.

| COUNT | INDIVIDUAL | APPROXIMATE DATE(S) |
|-------|-----------|---------------------|
| TWO | John Doe #1 | December 2008 to February 2010 |
| THREE | John Doe #2 | December 2008 to June 2012 |
| FOUR | John Doe #3 | August 2009 to December 2012 |
| FIVE | John Doe #4 | January 2009 to February 2009 |
| SIX | John Doe #5 | March 2010 to April 2011 |
| SEVEN | John Doe #6 | October 2010 to February 2012 |
| EIGHT | John Doe #7 | December 2010 to June 2011 |
| NINE | John Doe #8 | May 2011 |

| COUNT | INDIVIDUAL | APPROXIMATE DATE(S) |
|-------|------------|---------------------|
| TEN | John Doe #9 | July 2011 to April 2012 |
| ELEVEN | John Doe #10 | August 2011 to February 2013 |
| TWELVE | John Doe #11 | March 2012 to June 2012 |
| THIRTEEN | John Doe #12 | March 2012 to October 2012 |
| FOURTEEN | John Doe #13 | May 2012 to March 2015 |
| FIFTEEN | John Doe #14 | September 2012 to November 2012 |
| SIXTEEN | John Doe #15 | October 2012 |

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

16.     The United States hereby gives notice to the defendants that, upon their

conviction of the offense charged in Count One, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 1594(d), of: (a) any property, real or

personal, that was involved in, used, or intended to be used to commit or to facilitate the

commission of such offense, and any property traceable to such property; and (b) any property,

real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result

of such offense, or any property traceable to such property.

17.     If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

9

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

        (Title 18, United States Code, Section 1594(d); Title 21, United States Code,

Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS TWO THROUGH SIXTEEN

        18.     The United States hereby gives notice to the defendants that, upon their

conviction of any of the offenses charged in Counts Two through Sixteen, the government will

seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires

the forfeiture of: (a) any property, real or personal, that was used or intended to be used to

commit or to facilitate the commission of such offenses; and (b) any property, real or personal,

constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

        19.     If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

        (Title 18, United States Code, Section 2428(a); Title 21, United States Code,

Section 853(p))


                                     FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK