PP/EMR/MEF
F. #2023R00737

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MICHAEL S. JEFFRIES,
MATTHEW C. SMITH, AND
JAMES T. JACOBSON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION AND ORDER

Cr. No. 24-423 (NJC)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ordered by the Court that a protective order be issued pursuant to Federal Rule of Criminal Procedure 16(d), stating that:

      1.     The government will produce material pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500 and the Government's general obligation to produce exculpatory and impeachment material in criminal cases to Defense Counsel (the "Discovery Materials").

      2.     Some of this material will be marked with the words "PROTECTED MATERIAL," or otherwise identified in the government's sole discretion in writing (the "Protected Material"). The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. The Protected Material will include:

                a.     Personal Identifying Information ("PII"), including but not limited to dates of birth, social security numbers, bank account numbers, financial statements, and other personal information;

                b.     Witness statements;

      c. Information that could lead to the identification of potential witnesses, including victims and/or cooperating witnesses; and

      d. Information related to ongoing investigations, including information that could identify the targets of such investigations.

3. "Defense Counsel" is defined as an attorney who has filed a notice of appearance on behalf of the defendant and is admitted to practice in the Eastern District of New York ("EDNY"), or was admitted to the EDNY pro hac vice to represent a defendant. "Defense Counsel's Team" is defined as an attorney employed by Defense Counsel's law firm or organization who is assigned to assist in the preparation of the defense. Defense Counsel's Team also includes paralegals, law clerks, investigators, translators, litigation support personnel and secretarial staff employed by Defense Counsel's law firm or organization who are assigned to assist in the preparation of the defense. Defense Counsel's Team also includes those persons who are formally engaged to assist in the preparation of the defense, including expert witnesses.

4. The Discovery Materials can be used by the defendants, Defense Counsel and Defense Counsel's Team in this matter only for purposes of trial preparation, defense at trial against the charges set forth in the above-captioned indictment, and any related appellate matters arising from the above-referenced trial.

5. The defendants may possess a copy of the Discovery Materials except for those documents that contain Protected Material. However, the defendants may review Protected Material in the presence of Defense Counsel or Defense Counsel's Team.

6. Defense Counsel shall review the terms of this Protective Order with the defendants and members of Defense Counsel's Team.

7. Absent further order of the Court, the defendants and their defense counsel may not disclose or disseminate the Protected Material or any information contained in those documents to anyone who has not signed this Stipulation and Order, other than Defense

Counsel's Team. If Defense Counsel seeks to make further disclosure or dissemination of the Protected Material, notice must first be provided to the government and the Court, and such notice must be given sufficiently in advance of the contemplated disclosure or dissemination to permit briefing and argument on the propriety thereof.

8. Absent further order of the Court, the defendants and their defense counsel may not use PII, whether directly or indirectly, for any purpose.

9. Absent prior agreement of the government or permission from the Court, Protected Material shall not be included in any public filing with the Court, and instead shall be submitted under seal. This restriction does not apply to documents that are or become part of the public domain (other than through a violation of the Protective Order) or the public court record, including documents that have been received in evidence at other trials, except witness statements under § 3500 (even if available in the public domain or the public court record). Any witness statements shall not be included in public court filings, absent prior agreement of the government or permission from the Court.

10. All Discovery Material specifically identified by the government as material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material") shall be treated as if it had been designated as Protected Material with the additional limitations discussed below.

11. Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Staff. Attorneys' Eyes Only Material, or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Attorneys' Eyes Only Material, may not be disseminated to or reviewed by any other person, including the defendants.

12. If the government becomes aware that the justification for designating a particular document as Protected Material or Attorneys' Eyes Only Material no longer exists, the government shall advise Defense Counsel and the Court that such material is no longer subject to the Protective Order.

13. Any party to this Protective Order may petition the Court at any time for a modification of the Protective Order. Defense Counsel may petition the Court at any time to challenge the government's designation of material as Protected Material or Attorneys' Eyes Only Material.

14. Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery.

15. At the conclusion of this criminal case, Defense Counsel shall destroy or return any remaining copies of the Protected Material within 30 days of a) the entry of the judgment by the district court; or b) the resolution of any direct appeal, whichever date is later. Defense counsel may file a motion to the Court to retain the Protected Material for a longer period of time upon a showing of good cause. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

16. Any violation of this Stipulation and Order (a) will require the immediate return to the government of the Discovery Materials, and (b) may result in contempt of Court.

Dated: Central Islip, New York
November 1, 2024

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
Megan E. Farrell
Erin M. Reid
Philip Pilmar
Assistant U.S. Attorneys

Agreed to by:

_____
Michael Jeffries
Defendant

_____
Brian Bieber, Esq.
Attorney for Defendant Michael Jeffries

Agreed to by:

_____
Matthew Smith
Defendant

_____
Dave Raben, Esq.
Joseph E. Nascimento, Esq.
Attorneys for Defendant Matthew Smith

Agreed to by:

_____
James Jacobson
Defendant

_____
Jeremy Schneider, Esq.
Attorney for Defendant James Jacobson

SO ORDERED

s/Nusrat J. Choudhury      11/13/2024
_____
THE HONORABLE NUSRAT J. CHOUDHURY
UNTIED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

5