# GRAYROBINSON

Brian H. Bieber  |  Brian.Bieber@gray-robinson.com  |  **D** 305.913.0546
Alek Ubieta    |  Alek.Ubieta@gray-robinson.com  |  **D** 305.913.0541
333 SE 2nd Avenue, Suite 3200, Miami, Florida  33131  |  **T** 305.416.6880  |  **F** 305.416.6887

December 23, 2024

**By ECF**

The Honorable Nusrat J. Choudhury
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> **Re:** **United States v. Michael S. Jeffries, et al.**
> **Criminal Docket No. 24-423 (NJC)**

Dear Judge Choudhury:

On October 17, 2024, Defendant, Michael S. Jeffries ("Mr. Jeffries"), was charged by Indictment with one (1) count of sex trafficking, in violation of 18 U.S.C. § 1591(a) (Count 1), and fifteen (15) counts of interstate prostitution, in violation of 18 U.S.C. § 2422(a) (Counts 2–16). (D.E. 1). On October 22, 2024, Mr. Jeffries was arrested in the Southern District of Florida and subsequently granted pretrial release. (D.E. 13).

On December 5, 2024, Mr. Jeffries moved the Court for leave to file under seal his Unopposed Motion to Determine Competency to Stand Trial and Incorporated Memorandum of Law ("Motion to Determine Competency"), and the exhibits submitted in support thereof. On December 9, 2024, the Court granted Mr. Jeffries' Unopposed Letter Motion for Leave to File Under Seal. Later that day, Mr. Jeffries filed: (1) his Motion to Determine Competency; (2) two neuropsychological reports prepared by Dr. Jacqueline C. Valdes attached as exhibits to same; and (3) a Proposed Sealed Order, all under seal.

On December 10, 2024, the Court granted Mr. Jeffries' Motion to Determine Competency and ordered, inter alia, that the parties confer and advise the Court of: (1) any objections to the public filing of any specific text in its Sealed Order granting Mr. Jeffries' Motion; and (2) whether a version of Mr. Jeffries' Motion to Determine Competency with redactions to his medical information and records could be filed publicly. Mr. Jeffries' responses (along with the Government's position) to each issue are set forth below.

## 1. NO OBJECTIONS TO THE PUBLIC FILING OF THE COURT'S SEALED DECEMBER 10, 2024 ORDER

Following a telephonic conference between counsel for Mr. Jeffries and the Government on December 19, 2024, neither party has any objection to the public filing of the entirety of the Court's Sealed Order issued on December 10, 2024.

Boca Raton  |  Fort Lauderdale  |  Fort Myers  |  Gainesville  |  Jacksonville  |  Key West  |  Lakeland
Melbourne  |  Miami  |  Naples  |  Orlando  |  Tallahassee  |  Tampa  |  Washington, D.C.  |  West Palm Beach

**gray-robinson.com**

December 23, 2024
Page 2

## 2.    NECESSARY AND APPROPRIATE REDACTIONS TO MR. JEFFRIES' MOTION TO DETERMINE COMPETENCY AND ACCOMPANYING EXHIBITS

Mr. Jeffries recognizes the Court's need to balance his significant privacy interest against the public's qualified right of access to judicial documents under the common law and First Amendment. As set forth below, Mr. Jeffries respectfully submits that the Court can reach the proper balance between these competing concerns by allowing Mr. Jeffries to publicly file his Motion to Determine Competency without any redactions to the content therein, while maintaining the medical reports submitted as exhibits in support thereof under seal.

### A.    Legal Standard

As the Court well knows, the public has a qualified right of access to judicial proceedings and documents, under both the common law and the First Amendment. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–120 (2d Cir. 2006).

Where the common law right applies, the Court must apply a "presumption of access," with the weight of the presumption determined by the "role of the material at issue in the exercise of Article III judicial power" and its "resultant value ... to those monitoring the courts." See United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995). In those cases, the "[C]ourt must balance competing considerations against disclosure," permitting a document to be sealed from public access only where the "competing interests outweigh the presumption." Lugosch, 435 F.3d at 120.

The qualified First Amendment right of access provides an additional, stronger level of protection than does the common law right, such that courts may only resist disclosure where "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." See United States v. Eerie Cty., N.Y., 763 F.3d 235, 239 (2d Cir. 2014) (internal quotations and citations omitted).

Both the common law and First Amendment rights of access extend to criminal proceedings, and documents used in aid of those proceedings are "presumed to be open to the public." See United States v. Huntley, 943 F. Supp. 2d 383, 385 (E.D.N.Y. 2013) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597–98 (1978)). However, the rights of access afforded by the common law and First Amendment are not absolute, and the need for disclosure may be overcome where the party seeking to seal documents can show that there are "countervailing factors" (in the common law framework), see Amodeo, 71 F.3d at 1050, or that sealing is necessary to preserve "higher values" (in the First Amendment context), see United States v. Alcantara, 396 F.3d 189, 200 (2d Cir. 2015). Specifically, the privacy interests of the person resisting disclosure can be sufficient to overcome the public right of access. Lugosch, 435 F.3d at 120.

December 23, 2024
Page 3

## B. Analysis

Courts have acknowledged that "there is a recognized privacy interest in medical records," although such interest is neither "fundamental nor absolute." See United States v. Sattar, 471 F. Supp. 2d 380, 387–89 (S.D.N.Y. 2006) (holding that defendant's privacy interest in matters contained within psychiatric report submitted for sentencing purposes was "sufficiently compelling" to overcome the First Amendment's right of access); see also Amodeo, 71 F.3d at 1051 ("In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public.... [F]amily affairs, **illnesses**, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.") (emphasis added).

In addition, district courts "regularly seal medical information despite a presumption of the right to public access because an individual's privacy interest in their own medical information is a compelling countervailing interest." See Deide v. Day, Case No. 23-CV-3954-NSR, 2023 WL 8602879, at *2 (S.D.N.Y. Dec. 11, 2023) (sealing medical record signed by a doctor and submitted by defendant because it presented a "compelling and countervailing interest against the presumption of public access") (internal citations and quotations omitted); see also United States v. Yeghoyan, Case No. 20-CR-652-VM, 2024 WL 2945976, at *3 (S.D.N.Y. June 11, 2024) (sealing defendant's medical records submitted in support of his compassionate release motion); United States v. Suarez, Case No. 16-CR-453-RJS, 2024 WL 2317413, at *1 (S.D.N.Y. May 22, 2024) (sealing addendum to motion for compassionate release containing defendant's medical records, due to the private medical information in same); United States v. Roeder, Case No. 05-CR-6161L, 2009 WL 385448, at *2 (W.D.N.Y. Feb. 13, 2009) (holding that letter exhibits from defendant's treating psychotherapist and psychiatrist, which described defendant's diagnoses, treatment, and medication, should be sealed because such documents contained physician-patient information that "is generally considered confidential").

The public filing of Mr. Jeffries' Motion to Determine Competency without any redactions, while maintaining the entirety of the medical records submitted as exhibits under seal is a "narrowly tailored" solution that accommodates both the common law/First Amendment right of access and Mr. Jeffries' privacy interest in his medical information. See United States v. Munir, 953 F. Supp. 2d 470, 478 (E.D.N.Y. 2013) ("Careful redactions can appropriately balance the interests of confidentiality, a free press, and an informed citizenry"). Indeed, this arrangement will permit the public to access information and certain details forming the basis for Mr. Jeffries' Motion, which will be detailed at the forthcoming competency proceedings sub judice, while also preserving Mr. Jeffries' substantial privacy interest in keeping the two neuropsychological reports prepared by Dr. Valdes confidential. A proposed public version of Mr. Jeffries Motion to Determine Competency is attached hereto as Exhibit 1.

Undersigned counsel has conferred with Assistant United States Attorneys Megan E. Farrell, Philip Pilmar, and Erin Reid, who advised the Government has **no objection** to Mr. Jeffries filing his Motion to Determine Competency without any redactions while maintaining the two medical reports submitted as exhibits to same under seal.

December 23, 2024
Page 4

     As such, Mr. Jeffries, by and through his undersigned counsel, respectfully requests this Court permit him to file his Motion to Determine Competency without redactions, and order that the two medical reports attached as exhibits to same remain under seal, and grant such other relief as is just and proper.

                      Respectfully submitted,

                      BRIAN H. BIEBER
                      ALEK UBIETA
                      Counsel for Defendant, Michael S. Jeffries
                      (305) 416-6880

BHB/au

Enclosures

cc:    Clerk of the Court (NJC) (via ECF)
       All Counsel of Record (via ECF)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,                          Case No. 24-CR-423

                 Plaintiff,

vs.

MICHAEL S. JEFFRIES,

                 Defendant.
-----------------------------------------------------------X

## DEFENDANT'S UNOPPOSED MOTION TO DETERMINE COMPETENCY TO STAND TRIAL AND INCORPORATED MEMORANDUM OF LAW FILED UNDER SEAL

Defendant, **MICHAEL S. JEFFRIES** ("**Mr. Jeffries**"), by and through undersigned counsel, and pursuant to 18 U.S.C. § 4241(a)–(d), moves this Honorable Court to enter an Order requiring: (1) Mr. Jeffries to submit to psychiatric and/or psychological examinations; (2) the production of reports addressing the findings of the evaluations to be filed with the Court under seal; and (3) a hearing to be scheduled to determine Mr. Jeffries' competency to stand trial. As grounds therefore, the undersigned states as follows:

## I.     FACTUAL BACKGROUND

1.     In September of 2023, undersigned counsel, Brian H. Bieber, was retained by Mr. Jeffries to represent him in connection with what turned out to be a Federal Grand Jury investigation and later the Indictment sub judice.

2.     During the undersigned's initial and lengthy consultation with Mr. Jeffries, the undersigned questioned Mr. Jeffries' attentiveness, focus, competency, and understanding of the legal and factual issues being discussed. The Michael Jeffries who presented himself did not even come close to resembling a Master's degree-educated individual, who was just nine (9) years earlier, the Chief Executive Officer ("CEO") of a publicly traded company. As such, the undersigned questioned

Mr. Jeffries' competency to rationally assist—on a sustained and consistent basis—counsel in connection with the possible factual and legal defenses to the allegations he was facing. As a result of that concern, the undersigned encouraged Mr. Jeffries to seek a neuropsychological evaluation and mental health therapy, if necessary.

3.      Last year, on October 4, 5, 11, and 26, 2023, Mr. Jeffries was examined by neuropsychologist Dr. Jaqueline C. Valdes, who performed a full neuropsychological evaluation. As a result of same, a significant neurological deficit was identified.[1]

4.      Dr. Valdes' initial diagnostic impressions included, but were not limited to, Mr. Jeffries' cognitive impairment being consistent with Dementia due to Lewy Body Disease ("DLBD"). Thus, Dr. Valdes' formal preliminary "diagnostic impression" at that time was Lewy Body Dementia (probable), G31.83.

5.      Further, Dr. Valdes recommended that additional testing related to Mr. Jeffries' symptoms of DLBD should be completed, including a Dopamine Transporter ("DaT") Scan, Positron Emission Tomography ("PET") Scan, and "SPECT" Scan for further diagnostic clarification. Mr. Jeffries then underwent the testing recommended by Dr. Valdes.

6.      On October 2, 2024, Dr. Valdes concluded that the follow-up testing above yielded diagnostic impressions that Mr. Jeffries currently suffers from: (1) Dementia with Behavioral Disturbance (mixed etiology); (2) Alzheimer's Disease with late onset (probable); and (3) Lewy Body Dementia (possible concurrently present).[2]

---

[1] A copy of Dr. Valdes' first report was confidentially provided to the Government pre-indictment and is attached hereto as Exhibit 1 under seal.

[2] A copy of Dr. Valdes' second report was confidentially provided to the Government pre-indictment and is attached hereto as Exhibit 2 under seal.

7.      Further, Dr. Valdes reported that the most debilitating factor in Mr. Jeffries' current (and future) cognitive and physical functioning is that he has a neurodegenerative disease which is irreversible and will continue to worsen over time.

8.      Moreover, Dr. Valdes reported that there is no cure for either Alzheimer's Disease or Lewy Body Dementia, and that continued physical and cognitive decline is expected until Mr. Jeffries eventually succumbs to the diseases or dies of other medical causes.

9.      Dr. Valdes also opined that given the combination of Mr. Jeffries' cognitive impairments, including impaired memory, diminished attention, processing speed slowness, and ease of confusion, Mr. Jeffries would not be capable of assisting his attorney in his own defense.

## II.      <u>MOTION TO DETERMINE COMPETENCY TO STAND TRIAL</u>

10.      In the undersigned's judgment, corroborated by Dr. Valdes' neuropsychological evaluations, "there is a reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." <u>See</u> 18 U.S.C. § 4241(a).

11.      This case involves complex proceedings requiring close attention to factual matters, as well as the ability to understand, assimilate, and react to fact-related issues, witness testimony, and legal concepts.  Mr. Jeffries does not, in the undersigned's opinion, have the current capacity to rationally assist counsel in these proceedings.  Moreover, the inevitable "downward stair-step" nature of Alzheimer's Disease and Lewy Body Dementia are such that Mr. Jeffries may well have some functional mental capacity/competency/executive functioning at a given moment—but later suffer from the debilitating effects of the incurable neurodegenerative diseases of Alzheimer's and Lewy Body Dementia.

12.     Undersigned counsel has conferred with Assistant United States Attorneys Megan E. Farrell, Philip Pilmar, and Erin Reid, who advised the Government has **no objection** to the relief requested herein.

13.     As such, the undersigned respectfully submits to this Court that there exists a bona fide doubt as to Mr. Jeffries' competency, and requests the relief requested herein based upon well-established Federal law.

### III.     MEMORANDUM OF LAW

18 U.S.C § 4241(a) provides as follows:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

This Motion is properly brought pursuant to 18 U.S.C. § 4241(a), as the undersigned has called Mr. Jeffries' competency into question.  The test for competency is whether a mental disease or defect exists which renders Mr. Jeffries "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." United States v. Magassouba, 544 F. 3d. 387, 393 (2nd Cir. 2008) (citing 18 U.S.C. § 4241(a)); see also Dusky v. United States, 362 U.S. 402, 402, 80 S. Ct. 788, 788–89 (1960) ("it is not enough for the district judge to find that 'the defendant (is) oriented to time and place and (has) some recollection of events,' but that the 'test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings

against him.'").  "The critical component of the inquiry is the defendant's possession of 'a reasonable degree of rational understanding.' In other words, the focus of the <u>Dusky</u> formulation is on a particular level of mental functioning, which the ability to consult counsel helps identify." <u>Godinez v. Moran</u>, 509 U.S. 389, 404, 113 S. Ct. 2680, 2689 (1993).

The Court must conduct a hearing on this Motion in order to make its preliminary findings regarding Mr. Jeffries' competency based on a preponderance of the evidence. However, prior to such hearing, the operative statute provides for Mr. Jeffries to be examined/evaluated so the Court is equipped to make a proper preliminary finding. <u>See</u> 18 U.S.C. § 4241(b). Based upon the parties' continuous discussions regarding Mr. Jeffries' mental health issues, and their efforts to expedite these proceedings, the undersigned has retained Dr. Alexander S. Bardey, and the Government has simultaneously retained Dr. Cheryl Paradis, to conduct the examinations of Mr. Jeffries.

Considering Mr. Jeffries' potential advisory sentencing guidelines range, the complex facts and serious nature of the allegations, and Mr. Jeffries' irreversible and debilitating neuropsychological deficits identified through Dr. Valdes' evaluations over the past thirteen (13) months,  Mr. Jeffries will be unduly prejudiced if he is compelled to stand trial without first being afforded an evidentiary hearing pursuant to 18 U.S.C. § 4241(c) to determine if he is able to truly and completely understand the nature and consequences of the proceedings against him and/or to assist his counsel properly in his own defense.

Mr. Jeffries respectfully requests this Court grant his Motion, order the requested evaluations, and then schedule an evidentiary hearing to determine Mr. Jeffries' competency to stand trial.

## IV.    CONCLUSION

**WHEREFORE**, Defendant, **MICHAEL S. JEFFRIES**, by and through his undersigned counsel, respectfully requests this Court grant his Unopposed Motion to Determine Competency to Stand Trial, and enter the Proposed Sealed Order submitted herewith directing that (1) Drs. Bardey and Paradis complete their respective competency evaluations and prepare reports addressing their respective findings pursuant to 18 U.S.C. § 4247(c), (2) that an evidentiary hearing be set after publication of the reports to determine Mr. Jeffries' competency to participate in these proceedings, and (3) granting such other relief as is just and proper.

Respectfully submitted,

**GRAYROBINSON, P.A.**
Attorneys for Defendant, Michael S. Jeffries
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida, 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887
Brian.Bieber@gray-robinson.com
Alek.Ubieta@gray-robinson.com

By:    s/Brian H. Bieber
        BRIAN H. BIEBER
        New York Bar #4747507

By:    s/Alek Ubieta
        ALEK UBIETA
        Florida Bar #1039546
        (Admitted Pro Hac Vice)

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 9, 2024, a true and correct copy of the foregoing

was sent via e-mail to:

Megan E. Farrell, Assistant United States Attorney
United States Attorney's Office, Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
Megan.Farrell@usdoj.gov

Philip Pilmar, Assistant United States Attorney
United States Attorney's Office, Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
Philip.Pilmar@usdoj.gov

Erin Reid, Assistant United States Attorney
United States Attorney's Office, Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
Erin.Reid@usdoj.gov

s/Brian H. Bieber
BRIAN H. BIEBER

s/Alek Ubieta
ALEK UBIETA

# EXHIBIT 1

# SEALED EXHIBIT

**[PAGE INTENTIONALLY LEFT BLANK]**

# EXHIBIT 2

# SEALED EXHIBIT

**[PAGE INTENTIONALLY LEFT BLANK]**