# GRAYROBINSON

Brian H. Bieber  |  Brian.Bieber@gray-robinson.com  |  **D** 305.913.0546
Alek Ubieta    |  Alek.Ubieta@gray-robinson.com  |  **D** 305.913.0541
333 SE 2nd Avenue, Suite 3200, Miami, Florida  33131  |  **T** 305.416.6880  |  **F** 305.416.6887

April 10, 2025

**By ECF**

The Honorable Nusrat J. Choudhury
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> **Re:    United States v. Michael S. Jeffries, et al.**
> **Criminal Docket No. 24-423 (NJC)**

Dear Judge Choudhury:

On October 17, 2024, Defendant, Michael S. Jeffries ("Mr. Jeffries"), was charged by Indictment with one (1) count of sex trafficking, in violation of 18 U.S.C. § 1591(a) (Count 1), and fifteen (15) counts of interstate prostitution, in violation of 18 U.S.C. § 2422(a) (Counts 2–16). (D.E. 1).

On December 9, 2024, Mr. Jeffries filed his Unopposed Motion to Determine Competency to Stand Trial and Incorporated Memorandum of Law ("Motion to Determine Competency"), under seal. (D.E. 50). On December 10, 2024, the Court granted Mr. Jeffries' Motion to Determine Competency and ordered, inter alia, that Mr. Jeffries be examined by Dr. Alexander S. Bardey ("Dr. Bardey") and Dr. Cheryl Paradis ("Dr. Paradis") for the purpose of determining Mr. Jeffries' competency to stand trial, and that each doctor thereafter prepare reports detailing the findings of their respective examinations. See December 10, 2024 Minute Order Granting Mr. Jeffries' Unopposed Motion to Determine Competency to Stand Trial.

Between December 5, 2024 and December 6, 2024, Dr. Bardey and his colleague, Miranda Rosenberg, Psy.D. ("Dr. Rosenberg") conducted a forensic psychiatric and neuropsychological evaluation of Mr. Jeffries. On February 6, 2025, a copy of Dr. Bardey's report of his examination (the "Bardey Competency Evaluation Report") was submitted to the Court under seal. On February 20, 2025, Dr. Paradis also performed a forensic and neuropsychological evaluation of Mr. Jeffries. On March 20, 2025, Dr. Paradis' report of her examination (the "Paradis Competency Evaluation Report") was filed with the Court under seal.

Based on their respective evaluations, Dr. Bardey/Dr. Rosenberg, and Dr. Paradis independently concluded that Mr. Jeffries is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. See Bardey Competency Evaluation Report at 25–28; Paradis Competency Evaluation Report at 17–19.

Boca Raton  |  Fort Lauderdale  |  Fort Myers  |  Gainesville  |  Jacksonville  |  Key West  |  Lakeland
Melbourne  |  Miami  |  Naples  |  Orlando  |  Tallahassee  |  Tampa  |  Washington, D.C.  |  West Palm Beach

**gray-robinson.com**

April 10, 2025
Page 2

Specifically, Drs. Bardey and Rosenberg concluded, <u>inter</u> <u>alia</u>, that:

> In conclusion, Mr. Jeffries meets DSM-5-TR criteria for major neurocognitive disorder due to multiple etiologies, specifically Alzheimer's disease, Lewy Body disease, and the residual effects of a traumatic brain injury. These conditions collectively cause profound and permanent impairments in his cognitive and functional abilities, resulting in complete dependence on 24/7 care to maintain his health and safety. His cognitive deficits significantly impair his ability to understand the nature and consequences of the charges, consult with counsel in a rational manner, and participate in his defense "with a reasonable degree of rational understanding." **Given the severity and permanence of these impairments, there is no prospect for remediation through standard competency restoration interventions, such as education or treatment. The progressive nature of his neurocognitive disorder ensures continued decline over time, further diminishing his already limited functional capacity. It is, therefore, our professional opinion, within a reasonable degree of psychological and psychiatric certainty, that Mr. Jeffries is not competent to proceed in the current case and cannot be restored to competency in the future.**

<u>See</u> Bardey Competency Evaluation Report at 28 (emphasis added).

Additionally, Dr. Paradis concluded, among other things, that:

> Mr. Jeffries' history and presentation are consistent with the diagnosis of Major Neurocognitive Disorder. His cognitive impairment is severe enough to qualify for a more commonly used diagnostic term - dementia. The neuropsychological testing I conducted supports this diagnosis. In addition, he has consistently demonstrated significant cognitive impairment in all of the clinical evaluations that have been conducted over the past several years. **The results of his numerous neuroimaging studies are also consistent with this disorder which will almost certainly worsen over time.**
>
> **In my opinion Mr. Jeffries is currently suffering from a mental disease or defect which renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and properly assist in his defense.** He would not be able to effectively assist his attorney in his defense due to significant memory impairments, cognitive decline, impaired decision making capacity, and inappropriate behavior. His memory impairment almost certainly would cause him to be unable to accurately recall key events and details of the instant offense that occurred many years ago and severely limit his capacity to provide accurate and reliable information.
>
> Additionally, his inappropriate behavior, which is a symptom of his dementia, could further interfere with his ability to maintain proper courtroom demeanor and/or take the stand in his own defense. He may blurt out self-incriminating statements or engage in erratic behavior, which would undermine his credibility

April 10, 2025
Page 3

and risk prejudicing the judge or jury against him. Given these cognitive limitations and behavioral symptoms, he is incapable of meaningfully participating in his defense.

<u>See</u> Paradis Competency Evaluation Report at 19 (emphasis added).

As a result of the concurring expert opinions, the parties stipulate and agree that: (1) Mr. Jeffries is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense;" and (2) that a competency hearing is unnecessary, because the Bardey and Paradis Competency Evaluation Reports contain definitive grounds for the Court to find, by a preponderance of the evidence, that Mr. Jeffries is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. 18 U.S.C. § 4241(d).

Mr. Jeffries respectfully requests that the Court accept the parties' stipulations and also asks that the Court order, <u>inter alia</u>, that Mr. Jeffries be placed in the custody of the Attorney General, for a period of time not to exceed four (4) months, to be hospitalized for the purpose of determining whether he will regain competency, consistent with the procedure outlined in 18 U.S.C. § 4241(d).

**A.    Legal Standard**

The standard of proof for a finding of incompetence is by a preponderance of the evidence. <u>See</u> 18 U.S.C. § 4241(d). The statute does not specify which party bears the burden of proof, and the Second Circuit has not reached the issue. <u>See</u> <u>United States v. Nichols</u>, 56 F.3d 403, 410 (2d Cir. 1995).

Should a district court find the defendant incompetent by a preponderance of the evidence, it must commit him to the custody of the Attorney General. 18 U.S.C. § 4241(d). Thereafter, the Attorney General must hospitalize the defendant for treatment in a suitable facility:

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) for an additional reasonable period of time until—

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

(B) the pending charges against him are disposed of according to law;

whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

April 10, 2025
Page 4

Id.

In addition, "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Jackson v. Indiana, 406 U.S. 715, 738 (1972). Indeed, "where…an incompetent criminal defendant is held in [the] custody [of the Attorney General] for the purpose of determining if he will regain competency in the foreseeable future, the defendant's commitment must at all times reasonably relate to evaluating his ability to regain competency." See United States v. Brennan, 928 F.3d 210, 214 (2d Cir. 2019).

## B.    Analysis

To date, four (4) doctors have evaluated Mr. Jeffries and determined that he is incompetent to proceed to trial. Due to the progressive and incurable nature of his Major Neurocognitive Disorder, Mr. Jeffries will not regain his competency and cannot be restored to competency in the future. See Bardey Competency Evaluation Report at 28. However, Mr. Jeffries acknowledges that 18 U.S.C. § 4241(d) obligates the Court to commit him to the custody of the Attorney General for a reasonable period of time, not to exceed four (4) months, to determine whether there is a substantial probability that in the foreseeable future he will regain competency. See 18 U.S.C. § 4241(d)(1); see also Brennan, 928 F.3d at 216.

As such, Mr. Jeffries respectfully requests that the Court place him in the custody of the Attorney General, for a period of time not to exceed four (4) months, to be hospitalized for treatment in a suitable facility to determine whether there is a substantial probability that in the foreseeable future Mr. Jeffries will attain the capacity to permit the proceedings to go forward.[1] 18 U.S.C. § 4241(d)(1). Mr. Jeffries also asks that the Court require the Attorney General, upon the periodic requests of the parties, to file status reports with the Court, under seal, regarding Mr. Jeffries' condition and likelihood to regain competency, and to provide copies of same to undersigned counsel.

If, prior to the expiration of the four-month custodial hospitalization period, it is determined that Mr. Jeffries will not regain competency to permit the proceedings to go forward, and the necessary risk assessments under 18 U.S.C. §§ 4246 and 4248 have been completed, Mr. Jeffries requests that the Court require his release from the Attorney General's custody. See Brennan, 928 F.3d at 214 ("if the Government has detained a defendant solely on account of his incapacity to proceed to trial, the Government cannot hold the defendant for more than a reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future.") (internal citation and quotations omitted). In any event, at the end of the specified period, Mr. Jeffries requests that the Court permit him to be released to home confinement on the same conditions of pretrial release he is currently subject to, pending further proceedings by this Court.

Undersigned counsel has conferred with Assistant United States Attorneys Megan E. Farrell, Philip Pilmar, and Erin Reid, who advised the Government has **no objection** to the relief requested herein.

---

[1] Should the Court accept the parties' stipulations and grant this motion, Mr. Jeffries asks that the Court permit him to self-surrender at the facility designated by the Attorney General after he receives notice of the location where he will be evaluated.

April 10, 2025
Page 5

As such, Mr. Jeffries, by and through undersigned counsel, respectfully requests that this Court accept the parties' stipulations, find by a preponderance of the evidence that Mr. Jeffries is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense, and: (1) order that Mr. Jeffries be placed in the custody of the Attorney General, for a period of time not to exceed four (4) months, to be hospitalized for treatment in a suitable facility to determine whether there is a substantial probability that in the foreseeable future Mr. Jeffries will attain the capacity to permit the proceedings to go forward; (2) allow Mr. Jeffries to self-surrender to the Attorney General's custody after he receives notice of the designated facility for his evaluation; (3) require that the Attorney General, after periodic requests from the parties, file status reports with the Court, under seal, regarding Mr. Jeffries' condition and likelihood to regain competency, and to provide copies of same to undersigned counsel; and (4) order Mr. Jeffries' released after the conclusion of the four-month (or shorter) custodial hospitalization period to home confinement on the same standard and special conditions of pretrial release he is currently subject to, pending further proceedings.

Respectfully submitted,

BRIAN H. BIEBER
ALEK UBIETA
Counsel for Defendant, Michael S. Jeffries
(305) 416-6880

cc:    Clerk of the Court (NJC) (via ECF)
       All Counsel of Record (via ECF)