

U.S. Department of Justice

United States Attorney
Eastern District of New York

EMR/MEF/PP
F. #2023R00737

610 Federal Plaza
Central Islip, New York 11722

April 28, 2025

By ECF

The Honorable Nusrat J. Choudhury
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:   United States v. Michael S. Jeffries et al.
              Criminal Docket No. 24-423 (NJC)

Dear Judge Choudhury:

      We write on behalf of the government in the above captioned matter, and with the consent of counsel for all defendants, to: (1) notify the Court of the parties' availability for a status conference on May 13, 2025 at 11:30 a.m., and request that time be excluded between May 1, 2025, the original date of the next status conference, and May 13, 2025; and (2) provide a status update in accordance with the Court's individual rules. For the reasons set forth in detail below, the parties respectfully request that the Court exclude time under the Speedy Trial Act from May 1, 2025 to May 13, 2025, and from May 13, 2025 until the following status conference, which date has not yet been determined.[1]

      Prior to the initial status conference in this matter, on December 10, 2024, the government produced approximately 140 GB of discovery. Since then, the government has made three more productions, which include additional Rule 16 materials and a substantial amount of material pursuant to Title 18, United States Code, Section 3500 ("3500 Material"). These materials are presently being reviewed by the defendants and their counsel. Although the investigation remains ongoing, the government has produced the majority of Rule 16 discovery and 3500 Material in its possession.

      On December 9, 2024, defendant Michael Jeffries filed a Motion to Determine Competency to Stand Trial (ECF Dkt. 50), which this Court granted on December 10, 2024 (the

---

[1] Defense counsel for all defendants had previously requested that the defendants be permitted to appear telephonically while counsel appeared in person. Defense counsel confirms that the defendants still wish to appear telephonically with counsel present in the courthouse for the May 13, 2025 conference.

"Competency Order"). On February 6, 2025, consistent with the Competency Order, Jeffries filed a copy of Dr. Bardey's report of his examination, under seal. ECF Dkt. 54. On March 20, 2025, consistent with the Competency Order, the government filed Dr. Paradis' report of her examination under seal. ECF Dkt. 57. Given the experts' respective conclusions that Jeffries is currently suffering from a mental disease or defect rendering him mentally incompetent, on April 10, 2025, Jeffries filed a motion, which the government did not oppose, seeking that the Court find, pursuant to Title 18 United States Code Section 4241(d), that he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. ECF Dkt. 59. Further, Jeffries requested an order that he be placed in the custody of the Attorney General, for a period of time not to exceed four months, to be hospitalized for the purpose of determining whether he will regain competency, consistent with the procedure outlined in 18 U.S.C. § 4241(d). In light of the consistency in the experts' opinions, the parties agree that that a formal hearing is unnecessary, and in the interest of facilitating a prompt determination of Jeffries' mental status, which will necessarily impact not only the timing of a joint trial but also which defendants are present for trial, the parties sought this determination in advance of the hearing scheduled for June 16, 2025. This motion remains pending.

In light of the foregoing, at the upcoming conference, the parties will jointly request that the Court schedule another status conference in approximately 60 days. As the Court is aware, the Speedy Trial Act provides for the automatic exclusion of time spent performing a competency determination. 18 U.S.C. § 3161(h)(1)(A); United States v. Magassouba, 544 F.3d 387, 416 (2d Cir. 2008) ("Under the Speedy Trial Act, … any period spent resolving a defendant's competency to stand trial is excluded from consideration when determining the date by which a defendant must be brought to trial."). Relatedly, the Speedy Trial Act provides for the automatic exclusion of time "resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial." 18 U.S.C. § 3161(h)(4). Additionally, so long as it is reasonable, time shall be excluded as to co-defendants, here Matthew Smith and James Jacobson, when they are "joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6); United States v. Vasquez, 918 F.2d 329, 336-37 (2d Cir. 1990) (recognizing that delays occasioned by joinder are properly excluded under subsection (h)(7), and, given importance of "avoiding waste of resources on unnecessary severances and separate trials," requiring co-defendants to move for severance to benefit from reasonableness requirement of subsection (h)(7)). Here, to avoid waste of resources on unnecessary severances and separate trials, it is proper to exclude time under the Speedy Trial Act as to Smith and Jacobson so long as the Court is resolving Jeffries' competency to stand trial, or he is considered mentally incompetent. However, if and to the extent that the time expended resolving Jeffries' competency is not specifically accounted for, the parties respectfully request that time also be excluded under 18 U.S.C. § 3161(h)(7)(A), in the interests of justice, until the date of the next conference, to permit the continued review of discovery and 3500 Material. Defense counsel have conferred with their respective clients, who indicated that they also consent to the exclusion of time under the Speedy Trial Act.

Finally, to the extent the government is aware of exculpatory material regarding the defendants, it has been produced to them. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373

2

U.S. 83 (1963), and its progeny, and in accordance with the previously-issued standing order pursuant to Federal Rule of Criminal Procedure 5(f).

                                                                         Respectfully submitted,

                                                                         JOHN J. DURHAM
                                                                         United States Attorney

By:   /s/
            Erin Reid
            Megan E. Farrell
            Philip Pilmar
            Assistant U.S. Attorneys
            (718) 254-7000

cc:    Clerk of the Court (NJC) (by ECF)
       Brian Bieber, Esq. (by E-mail and ECF)
       Joseph Nascimento, Esq. (by E-mail and ECF)
       David Raben, Esq. (by E-mail and ECF)
       Jeremy Schneider, Esq. (by E-mail and ECF)