**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| United States of America,<br><br>-v-<br><br>Michael S. Jeffries,<br>Defendant. | 2:24-cr-00423<br>(NJC) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On May 28, 2026, Defendant Michael Jeffries filed a motion to seal certain portions of the evidentiary record relating to this Court's determination as to whether Jeffries is competent to proceed in this action. (Mot., ECF No. 106.) Jeffries seeks to seal, until the conclusion of his criminal proceedings, the audio recordings and transcripts of his 2025 phone calls from the Federal Medical Center, Butner ("Butner") and three audio recordings capturing portions of the evaluation of Jeffries on January 12 and 13, 2026 by defense experts Dr. Alexander Bardey and Dr. Miranda Rosenberg and prosecution expert Dr. Cheryl Paradis (the "2026 joint evaluation"). On June 4, 2026, the prosecution responded to the motion, opposed only Jeffries' request to temporarily seal the audio recordings and written transcripts of the Butner calls, and took no position regarding the sealing of the audio recordings of the 2026 joint evaluation. (Opp'n, ECF No. 107.)

On August 20, 2026, this Court issued an Opinion and Order finding Jeffries competent to stand trial (the "Competency Opinion"). (ECF No. 109.) The Competency Opinion relies on the audio recordings and transcripts of the Butner calls and audio recordings of the 2026 joint evaluation and provides direct quotations from these materials in support of various factual

findings and conclusions of law. (*See generally id.*) Accordingly, the Court considered the arguments raised by Jeffries in the motion to seal, but nevertheless ruled that "[a]ll portions" of these recordings and transcripts of the Butner calls and 2026 joint evaluation "that the Court specifically references in this Opinion and Order are unsealed and subject to public view." (*Id.* at 10, n.1.) The Court explained:

> This Opinion and Order is a judicial document, and the Second Circuit has made clear that the redaction of information from a judicial document may be supported only by specific on-the-record findings as to why the redactions are narrowly tailored to promote a higher interest. *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). Here, the specific portions of the audio recordings and transcripts relied upon by this Court to determine Jeffries' competency to stand trial are integral to the Court's resolution of this important legal question. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) ("[W]here documents 'directly affect an adjudication,'. . . or are used to determine litigants' substantive legal rights, the presumption of access is at its zenith . . . and thus can be overcome only by 'extraordinary circumstances.'"). Jeffries has offered no persuasive reason why the specific portions of the materials referenced in this Opinion and Order as the basis for this Court's ruling would, if publicly disclosed, unfairly prejudice Jeffries.
>
> However, any portions of the 2026 joint evaluation and Butner calls on which this Opinion and Order do not rely remain subject to Jeffries' pending motion to seal, which the Court will resolve in a separate, forthcoming order.

(*Id.*)

In the motion to seal, Jeffries makes two principal arguments for withholding from public view the audio recordings and transcripts of the Butner calls and the 2026 joint evaluation in their entirety. First, with respect to the Butner calls, he contends that "the negative publicity that would ensue if the public/media is permitted to access, copy, and disseminate the Butner calls would result in irreparable prejudice and deny Mr. Jeffries his constitutional right to a fair trial if he is found competent to proceed" by making it difficult to select jurors untainted by media coverage of the calls. (Mot. at 12–13.) In this vein, he further argues that the public interest in access to the recordings and transcripts of the Butler calls is lessened because the competency

hearing transcripts and the parties' exhibit lists and post-hearing memoranda of law are available on the public docket. (*Id*. at 14–15.) Second, with respect to the audio recordings of the 2026 joint evaluation, Jeffries invokes his "significant privacy interest in keeping the personal medical information discussed during the evaluation confidential," which he contends "outweighs the public's qualified right of access under the common law and First Amendment." (*Id*. at 16–17.) In other words, Jeffries maintains that there is no difference between sealing the experts' competency reports Jeffries' medical records, which the Court has allowed, and the audio recordings of the 2026 joint evaluation.

For the reasons set forth in the Competency Opinion, neither of these arguments counsels in favor of withholding from the Competency Opinion itself any of the specific quoted material from either the Butner calls or the 2026 joint evaluation. These portions of the Butner calls and 2026 joint evaluation are integral to the Court's findings of fact and conclusions of law. Contrary to Jeffries' contention, careful voir dire may be used to exclude any jurors who were exposed to the content of the Butner calls set forth in the Competency Opinion. *See Press-Enterprise Co. v. Super Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 15 (1986) ("[T]hrough voir dire, cumbersome as it is in some circumstances, a court can identify those jurors whose prior knowledge of the case would disable them from rendering an impartial verdict."); *United States v. Skelos*, 988 F.3d 645, 659 (2d Cir. 2021) (declining to find reversible error in light of defendant's claims of "pervasive, inflammatory, and deeply personal coverage" in news media because "[t]he district court empaneled a fair and impartial jury"). Thus, in issuing the Competency Opinion, the Court determined that redacting material quoted from the Butner calls would not be narrowly tailored to advance any higher interest in ensuring that Jeffries is afforded a fair and impartial jury or any other aspects of his right to a fair trial.

Additionally, although Jeffries has a strong interest in keeping his private medical information confidential, the parties' post-hearing legal briefs themselves quote extensively from the 2026 joint evaluation as well as similar information set forth in various expert reports and testimony concerning Jeffries' competency as well as medical records and assessments of his cognitive functioning. Thus, redacting from the Competency Opinion the questions posed by evaluators or Jeffries' responses during the 2026 joint evaluation would not be narrowly tailored to advance any higher interests in Jeffries' ability to keep his private medical information confidential. *See United States v. Koretskyy*, No. 12-cr-00439, 2021 WL 2156259, at *2 (S.D.N.Y. May 27, 2021) (proposed redactions not narrowly tailored where redactions "concern information that has already been publicly revealed elsewhere in the parties' . . . memoranda"); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (finding the same where parties seek to redact information publicly available on the docket).

This leaves open the question of whether any specific portions of the Butner calls and 2026 joint evaluation that are not quoted or otherwise described in the Competency Opinion may be sealed under the Second Circuit's standards in *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). Accordingly, to the extent that Jeffries continues to maintain that any portion of the audio recordings and transcripts of the Butner calls and the audio recordings of the 2026 joint evaluation that are not quoted or otherwise described in the Competency Opinion must be shielded from public view pending the conclusion of these proceedings, he must submit a supplemental letter brief setting forth legal authority for that position by August 31, 2026. The prosecution must respond by September 7, 2026.

## CONCLUSION

For the reasons set forth above, by August 31, 2026, Jeffries must file a letter with the Court addressing whether he continues to seek the sealing of portions of the audio recordings and transcripts of the Butner calls and audio recordings of the 2026 joint evaluation that are not quoted or otherwise described in the Competency Opinion. The prosecution must respond by September 7, 2026.

Dated: Central Islip, New York
August 25, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge