**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| United States of America,<br><br>-v-<br><br>Michael S. Jeffries,<br>Defendant. | 2:24-cr-00423 (NJC) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is Defendant Michael Jeffries' motion to seal certain portions of the evidentiary record relating to this Court's determination as to Jeffries' competency. (Mot., ECF No. 106.) Jeffries seeks to seal, until the conclusion of his criminal proceedings, certain portions of the audio recordings and transcripts of his 2025 phone calls from the Federal Medical Center, Butner ("Butner") and three audio recordings capturing portions of the evaluation of Jeffries on January 12 and 13, 2026 by defense experts Dr. Alexander Bardey and Dr. Miranda Rosenberg and prosecution expert Dr. Cheryl Paradis (the "2026 joint evaluation").

A previous Order of the Court issued on August 25, 2026 is incorporated by reference in its entirety, and the Court presumes the parties' familiarity with the facts, procedural history, and Court's rulings to date concerning Jeffries' motion to seal. On August 20, 2026, this Court issued an Opinion and Order finding Jeffries competent to stand trial ("Competency Opinion"). (ECF No. 109.) In the Competency Opinion, the Court ruled that the portions of the audio recordings and written transcripts of the Butner calls and audio recordings of the 2026 joint evaluation that were specifically quoted in the Competency Opinion were unsealed due to the Court's reliance on that information in resolving the issue of Jeffries' competency to stand trial. (*Id.* at 10 n.1.) In

the August 25, 2026 Order, the Court provided additional explanation for this ruling and granted Jeffries the opportunity to provide supplemental briefing in support of his request to maintain under seal any portions of the Butner calls and the 2026 joint evaluation that were not specifically referenced in the Competency Opinion. (ECF No. 110.)

Jeffries provided two submissions in response on August 31 and September 2, 2026. (ECF Nos. 113, 114.) The prosecution provided a response on September 10, 2026. (ECF No. 116.)

For the reasons set forth below, Jeffries' Motion is granted in part and denied in part. First, the audio recordings and transcripts of the Butner calls are unsealed in their entirety. Second, any portions of the audio recordings of the 2026 joint evaluation that were not specifically quoted in the Competency Opinion shall remain under seal.

## DISCUSSION

### I. Remaining Portions of the Audio Recordings and Transcripts of the 2025 Butner Phone Calls

Jeffries seeks to seal the audio recordings and transcripts of his Butner calls that were not quoted in the Court's Competency Opinion until the conclusion of these criminal proceedings. (Mot.; ECF Nos. 113, 114.) He states that his "primary concern with respect to the Butner calls is the need to prevent the public/media from obtaining copies of these records so that they are not widely disseminated across news publications or the internet, which . . . would endanger his right to a fair trial." (ECF No. 114 at 1 n.1.) In the August 25, 2026 Order, the Court explained that "careful voir dire may be used to exclude any jurors who were exposed to the content of the Butner calls set forth in the Competency Opinion." (ECF No. 110 at 3 (citing *Press-Enter. Co. v. Super Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 15 (1986); *United States v. Skelos*, 988 F.3d

645, 659 (2d Cir. 2021)).) The same is true of the portions of the recorded calls that are *not* specifically quoted in the Competency Opinion.

After this Court provided Jeffries with an additional opportunity to provide legal authority in support of his request to seal these portions of the recorded calls, Jeffries declined to provide any supplemental authority. Specifically, Jeffries stated:

> The reasons for maintaining the unquoted portions of the Butner call recordings and transcripts under seal are set forth on pages 12 to 15 of Mr. Jeffries' May 28, 2026 Motion to Seal Audio Recordings of FMC Butner Telephone Calls and January 2026 Competency Re-Evaluation and Incorporated Memorandum of law ("Motion to Seal"). (D.E. 106) Mr. Jeffries does not have additional legal authority to present to the Court with respect to this issue, apart from caselaw he relied upon in his Motion to Seal.

(ECF No. 114 at 1.) The prosecution is correct that Jeffries "has not shown why release of the full Recorded Calls will lead to an unmanageable or unsuccessful voir dire process when voir dire has consistently been found to be effective in other high-profile cases." (ECF No. 116 at 5–6.)

Nor has Jeffries provided any additional facts to distinguish his case from those in which courts have found "[c]areful voir dire questioning" to be "a recognized and effective tool to uncover bias." *U.S. v. Volpe*, 42 F. Supp. 2d 204, 218 (E.D.N.Y. 1999); *see also Press-Enter. Co.*, 478 U.S. at 15 ("[T]hrough voir dire, cumbersome as it is in some circumstances, a court can identify those jurors whose prior knowledge of the case would disable them from rendering an impartial verdict."). The Court agrees with the prosecution that the Butner calls are not likely to generate press coverage more inflammatory than media coverage of other cases in which voir dire was deemed effective—cases which involved "terroristic attacks that resulted in death." (ECF No. 116 at 5 (citing *United States v. Yousef*, 1997 WL 411596 (S.D.N.Y. July 18, 1997), *United States v. Tsarnaev*, 595 U.S. 302 (2022)).)

Additionally, the sheer size and diversity of the jury pool in this District further undercuts Jeffries' argument that his right to a fair jury trial will be endangered by unsealing the Butner calls in their entirety. As noted by Judge Bianco in an order denying a motion for a change of venue:

> Finally, the Court notes that the jury panel for this trial will be drawn "from the entire Eastern District of New York, which is comprised not only of Nassau and Suffolk Counties, but also of the boroughs of Brooklyn, Queens, and Staten Island." *United States v. Prado*, No. 10–CR–74 (JFB), 2011 WL 3472509, at *17 n. 12 (E.D.N.Y. Aug. 5, 2011). As noted in *Prado*, "there are approximately eight million people residing in the Eastern District of New York," and the jury pool is "large and diverse." Given the size and diversity of the jury pool, the Court does not find it reasonably likely "'that prejudicial news prior to trial will prevent a fair trial.'"

*United States v. Ayala*, 64 F. Supp. 3d 446, 452 (E.D.N.Y. 2014) (citations omitted).

Therefore, Jeffries has failed to show that his interest in a fair trial is endangered by unsealing the portions of the Butner calls that are not specifically quoted in the Competency Opinion. Nor does he show that withholding such information from the public is narrowly tailored to preserve any higher interests, as required by *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). Accordingly, unsealing the Butner calls in their entirety is warranted. *See Press-Enter. Co.*, 478 U.S. at 14 ("If the interest asserted is the right of the accused to a fair trial, [public access shall be restricted] only if specific findings are made demonstrating that, first, there is a *substantial probability* that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent . . . ." (emphasis added)).

## II. Remaining Portions of the Audio Recordings of the 2026 Joint Evaluation

Jeffries also seeks to temporarily seal the entirety of the 2026 joint evaluation audio recordings. He invokes his "significant privacy interest in keeping the personal medical information discussed during the evaluation confidential," which he contends "outweighs the

public's qualified right of access under the common law and First Amendment." (Mot. at 16–17.) The prosecution does not oppose Jeffries' request. (ECF No. 107 at 1; ECF No. 116 at 1.)

The Court maintains its ruling in the Competency Opinion that "the specific portions of the audio recordings [of the 2026 joint evaluation] . . . relied upon by this Court to determine Jeffries' competency to stand trial are integral to the Court's resolution of this important legal question." (ECF No. 109 at 10 n.1.) Therefore, unsealing of those specific portions of the 2026 joint evaluation recordings is justified based on the reasoning set forth in the Second Circuit's opinions in *Brown v. Maxwell*, 929 F.3d at 47 and *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). The public has a right to access those portions of the recordings in order to verify the Court's quotations and descriptions of the 2026 joint evaluation. Accordingly, those specific portions of the 2026 joint evaluation recordings shall remain unsealed.

All *other* portions of the 2026 joint evaluation recordings that were not specifically quoted in the Court's Competency Opinion shall remain under seal. The Court has admitted into evidence numerous medical records and evaluations by the parties' experts. Throughout the course of this action, the Court has permitted the parties to file such records under seal in light of the finding that Jeffries "has a significant privacy interest in keeping the personal medical information contained within the [records and reports] confidential, which outweighs the public's qualified right of access under the common law and First Amendment." (Sealed Order, Mar. 17, 2026.) The Court also found that sealing the medical records and expert evaluations "is appropriate and narrowly tailored" to advancing Jeffries' interest in the privacy of his medical information "because the public will have the opportunity to hear testimony from the parties' various experts . . . at the forthcoming public hearing . . . and thereafter obtain transcripts of

those proceedings." (*Id*.) As the record reflects, the competency hearing was open to the public and transcripts of that proceeding are available on the public docket for this action.

The same reasoning applies to the portions of the 2026 joint evaluation that are not quoted in the Competency Opinion. These portions of the evaluation constitute Jeffries' personal medical information and formed the basis for subsequent reports by Dr. Bardey, Dr. Rosenberg, and Dr. Paradis, which remain under seal. Thus, Jeffries has a significant interest in keeping the personal medical information contained in any portions of the 2026 joint evaluation that are not quoted in the Competency Opinion confidential. This interest outweighs the public's qualified right of access under the common law and First Amendment, particularly in light of the fact that the relevant portions of the 2026 joint evaluation were played in open court and are discussed in great detail in the Court's Competency Opinion. Additionally, the prosecution does not object to Jeffries' request to seal the 2026 joint evaluation.

For all of these reasons, any portions of the 2026 joint evaluation that were not specifically quoted in the Court's Competency Opinion remain under seal.

## CONCLUSION

For the reasons set forth above, Jeffries' motion to seal (ECF No. 106) is granted in part and denied in part. Any portions of the audio-recorded 2026 joint evaluation which were not quoted in the Competency Opinion (ECF No. 109) shall remain under seal. The portions of the recordings of the 2026 joint evaluation and recordings and transcripts of the Butner calls that were quoted in the Competency Opinion were unsealed as of the issuance of that Opinion, and remain so.

As of the issuance of this Order, any portions of the recordings and transcripts of the Butner calls that were not quoted in the Competency Opinion are unsealed. Accordingly, the Butner calls are therefore unsealed in their entirety.

Dated: Central Islip, New York
September 17, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge